Aidin D. Ghavimi (SBN 305808)
*Aidin@starpointlaw.com*
Zachary D. Greenberg (SBN 331501)
*Zach@starpointlaw.com*
**STARPOINT, LC**
15233 Ventura Boulevard, Suite PH16
Sherman Oaks, CA 91403
T: (310) 424-9971
F: (424) 255-4035
*service@starpointlaw.com*

Attorneys for Plaintiff
Raymond Villalovos, individually and on behalf of all others similarly situated, and on behalf of all aggrieved employees.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raymond Villalovos, an individual, and on behalf of those similarly situated, and on behalf of all aggrieved employees,<br><br>                    *Plaintiff*,<br>    vs.<br><br>Triple Canopy, Inc., a corporation; and DOES 1 through 100, inclusive,<br><br>                    *Defendants*. | CASE NO.: 5:25-CV-00938<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>1.  Failure to Pay Minimum Wages (Lab. C. §§ 1182.12, 1194, 1194.2, 1197 and 1197.1);<br>2.  Failure to Pay Overtime Wages (Cal. Lab. C. §§ 510, *et seq.*);<br>3.  Failure to Timely Pay Wages Upon Termination (Cal. Lab. C. §§ 201 – 203);<br>4.  Failure to Provide Meal Periods (Cal. Lab. C. §§ 226.7, 512);<br>5.  Failure to Provide Rest Periods (Cal. Lab. C. §§ 226.7, 512);<br>6.  Failure to Provide Accurate Wage Statements (Cal. Lab. C. § 226);<br>7.  Failure to Indemnify for Business Expenses (Cal. Lab. C. §§ 2800, 2802);<br>8.  Unfair Competition (Cal. Bus. & Prof. C. §17200, *et seq.*); *and* |

9. Private Attorney General's Act Violations (Cal. Lab. C. § 2698, *et seq*.).

**DEMAND FOR JURY TRIAL**

Complaint filed:    October 7, 2024
FAC filed:           December 10, 2024
Date of removal:   January 29, 2025

COMES NOW Plaintiff Raymond Villalovos ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and on behalf of all aggrieved employees under the Private Attorney's General Act ("PAGA"), Labor Code section 2699, *et seq*., for causes of action against Defendants Triple Canopy, Inc., and DOES 1 through 100 (collectively, "Defendants"), inclusive and complains and alleges upon information and belief as follows:

**PARTIES**

1.     Plaintiff, at all times relevant to this action, resided in Santa Clara County, California.

2.     Plaintiff is informed and believes, and thereon alleges that Defendants are a corporation with its principal place of business in Santa Clara County, California.

3.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 100, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 100, inclusive, is, and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants Does 1 through 100, inclusive, Plaintiff will seek leave to amend this Class Action Complaint to set forth such facts.

4.     Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her, or its co-Defendants, and

2

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-Defendants.

5.    Defendant Triply Canopy, Inc. and DOES 1 through 100, shall collectively be referred to in this Complaint as "Defendants" when applicable.

## JOINT EMPLOYERS

6.    Defendants, jointly and severally, employed Plaintiff, putative class members, and aggrieved employees, as hourly-paid, nonexempt employees in the State of California.  Defendants had the authority to hire and terminate Plaintiff, putative class members, and aggrieved employees, to set work rules and conditions governing their employment, and to supervise their daily employment activities.  Defendants directly hired and paid wages and benefits to Plaintiff, putative class members, and aggrieved employees.   Defendants exercised sufficient authority over the terms and conditions of Plaintiff's employment for them to be their joint employer.

## JURISDICTION & VENUE

7.    This Court has jurisdiction over this class and representative action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.    This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a citizen of California, has sufficient minimum contracts in California, or otherwise intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

9.    Venue is proper in this Court, because, upon information and belief, one or more of the named Defendants resides, transacts business or has offices in this county and the acts or omissions alleged herein took place in this county.

//

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**GENERAL ALLEGATIONS**

10.     Plaintiff is informed and believes, and thereon alleges, that Defendants are engaged in the business of providing security services.  Defendants' operations facility is located in Santa Clara County in the city of Santa Clara, California.

11.     Beginning in or around July 2023, and continuing until in or around June 2024, Plaintiff worked for Defendants as a Security Officer.  Plaintiff generally worked six-to-seven (6-7) days per week and between ten-to-twelve (10-12) hours per shift.

12.     Due to understaffing and the specific nature of his job, Plaintiff was regularly denied the opportunity to take code-compliant meal and rest periods.  Nor was Plaintiff issued meal and rest period premiums for non-code-compliant meal and rest periods provided by Defendants.

13.     On more than one occasion, Plaintiff complained to both his manager and field supervisor about his inability to take meal and rest periods due to the nature of his job.

14.     Plaintiff's supervisors responded that someone needs to be on Defendants' posts at all times and that if there was no one to "break" him, Plaintiff must remain at his post on the premises.

15.     On more than one occasion, Plaintiff was instructed to skip his meal and rest periods in their entirety by his superiors.

16.     On other occasions, Plaintiff was forced to take his meal and rest periods while on-duty at his post and was unable to leave the premises.

17.     Plaintiff discussed Defendants' policies and Defendants' failure to provide meal and rest periods with other putative class members who were similarly prevented from taking meal and rest periods on multiple occasions throughout their employment.

18.     On information and belief, Plaintiff believes Defendants' meal and rest period policies impacted other putative class members.

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

19.     While Plaintiff was scheduled to work twelve (12) hour shifts, on more than one occasion, the security officer who was scheduled to replace Plaintiff would not arrive on time.   However, Defendants would automatically clock-out Plaintiff at the end of his shift of twelve (12) hours, despite Plaintiff working upwards of fourteen-to-fifteen (14-15) hours.  Plaintiff was not compensated for these additional hours working off-the-clock which exceeded his twelve (12) hour shift despite Defendants clocking-him out.

20.     Due to Defendants' policy requiring a security officer remain on-duty at all times, on more than one occasion, Plaintiff was forced, as a direct condition of his employment, to continue working off-the-clock through his meal and rest periods. Plaintiff was further not compensated for his hours worked beyond his scheduled shift when the next security officer was late and Plaintiff was required to continue working off-the-clock.

21.     Plaintiff discussed Defendants' policies and Defendants' failure to compensate other putative class members who were similarly impacted and who were not compensated for time spent working off-the-clock during meal and rest periods and for time spent remaining on-shift despite being clocked out while by Defendants while waiting for the next security officer to arrive and take over the post.

22.     As a condition of his employment, Plaintiff was regularly required to utilize his personal cellphone to complete his job duties.  On more than one occasion, Plaintiff was forced to use his personal cellphone to communicate with co-workers, to provide status updates to his supervisors and to coordinate his shifts.  Plaintiff was not reimbursed for his personal cellphone use.

23.     Plaintiff discussed his personal cellphone use with other putative class members who were similarly impacted.  Other putative class members were also not reimbursed for their use of their personal cellphones.

24.     At all times relevant to this action, Defendants failed to properly compile,

account for, and pay Plaintiff, putative class members, and aggrieved employees for the hours they worked due to the following uniform practices:

a. **Rounding:** Defendants, as a matter of established company policy and procedure, administered a practice of regularly rounding the actual time worked and recorded by Plaintiff, putative class members, and aggrieved employees, always to the benefit of Defendants, so that during the course of their employment, Plaintiff, putative class members, and aggrieved employees were paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. Defendants' rounding practices applied to Plaintiff's, putative class members', and aggrieved employees' alleged meal and rest periods as well. As a result, Plaintiff, putative class members, and aggrieved employees forfeited minimum wage and overtime compensation by from time to time working without this time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. Defendants' policy and practice not to pay Plaintiff, putative class members, and aggrieved employees for all time worked is evidenced by Defendants' business records.

b. **Failure to Pay for all Time Worked:** Defendants required Plaintiff, putative class members, and aggrieved employees to work without paying them for all time they were under Defendants' control on more than one occasion. For example, Defendants also engaged in the practice of requiring Plaintiff, putative class members, and aggrieved employees to perform work off-the-clock in that Defendants, as a condition of employment, required Plaintiff, putative class members, and aggrieved employees to render work-related duties during meal and rest periods, and both before and after Plaintiff, putative class members, and aggrieved employees had clocked-out. There was no one to "break" them in order to

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

take their meal or rest breaks. Defendants failed to pay Plaintiff, putative class members, and aggrieved employees for the time spent performing these mandatory off-the-clock tasks.

c. **Failure to Pay Overtime**: Plaintiff, putative class members, and aggrieved employees allege that several of Defendants' practices resulted in the failure to pay all overtime compensation owed on more than one occasion. For example, Plaintiff, putative class members, and aggrieved employees regularly worked in excess of forty (40) hours in a week and/or on the seventh consecutive day of the week without receiving mandatory overtime pay, excluding unaccounted for off-the-clock work. They also allege that Defendants' managers and supervisors edited Plaintiff's, putative class members', and aggrieved employees' time records to avoid payment of overtime. Defendants' failure to account for time spent worked through meal periods also resulted in failure to pay overtime and appropriate straight time wages.

d. **Failure to Provide Meal Breaks**: On more than one occasion, Defendants failed to provide Plaintiff, putative class members, and aggrieved employees with compliant meal periods. As a result of their rigorous work schedules, Plaintiff, putative class members, and aggrieved employees were also, from time to time, unable to take off duty meal breaks and were not fully relieved of duty for meal periods. Plaintiff, putative class members, and aggrieved employees were from time to time required to perform work as ordered by Defendants for more than five (5) hours during a shift without receiving an off-duty meal break. Plaintiff, putative class members, and aggrieved employees also worked more than ten (10) hours without a second meal period. Plaintiff, putative class members, and aggrieved employees therefore forfeited meal breaks without additional

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

compensation and in accordance with Defendants' corporate policy and practice.

e. **Failure to Provide Rest Breaks:** On more than one occasion, Defendants failed to provide Plaintiff, putative class members, and aggrieved employees with compliant rest periods.  Defendants required Plaintiff, putative class members, and aggrieved employees from time to time, to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, and a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours.  Plaintiff, putative class members, and aggrieved employees were also not provided with one-hour wages in lieu thereof.  Due to Defendants' limited staffing, and as a result of their rigorous work schedule, Plaintiff, putative class members, and aggrieved employees were from time to time denied their proper rest periods by Defendants' managers.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, defined as time during which an employee is relieved from all work-related duties and free from employer control.  In so doing, employers must authorize and permit all employees to take rest periods wherein employers relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.

f. **Inaccurate Wage Statements**: Defendants also failed to provide Plaintiff, putative class members, and aggrieved employees with complete and accurate wage statements.  For example, the wage statements provided did not accurately reflect gross wages earned, sick pay, all hours worked, all

deductions, and net wages earned, among other deficiencies.  Defendants' failure to keep and provide complete and accurate payroll records relating to Plaintiff, putative class members, and aggrieved employees, also constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

g. **Unpaid Business Expenses:** While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiff, putative class members, and aggrieved employees incurred work-related expenses, for which they were not reimbursed, including, but not limited to personal cell phone expenses to coordinate shifts, communicate with management, among other colleagues.

h. **Waiting Time**: Defendants did not cure its failures to pay minimum, regular, and overtime wages at the time of separation.  Accordingly, Plaintiff, putative class members, and aggrieved employees are entitled to recovery of "waiting time" penalties pursuant to Labor Code section 204.

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive certain wages for overtime compensation and that they he was not receiving wages for overtime compensation.

26.    Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

28.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four (4) years preceding the filing of this Complaint to final judgment.

29.     Plaintiff reserves the right to establish subclasses as appropriate.

30.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a. <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff's claims are typical of all other putative class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other putative class members with whom he has a well-defined community of interest.

c. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each putative class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other putative class members. Plaintiff's attorneys, proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

    e. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

    31.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

    f. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

    g. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

    h. Whether Defendants required Plaintiff and the other putative class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and other putative class members;

    i. Whether Defendants deprived Plaintiff and other putative class members of meal and/or rest periods or required Plaintiff and putative class members to work during meal and/or rest periods without compensation;

11

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

j.  Whether Defendants failed to pay minimum wages to Plaintiff and putative class members for all hours worked;

k.  Whether Defendants failed to pay all wages due to Plaintiff and putative class members within the required time upon their discharge or resignation;

l.  Whether Defendants failed to timely pay all wages due to Plaintiff and putative class members during their employment;

m.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

n.  Whether Defendants failed to reimburse Plaintiff and putative class members for necessary business-related expenses and costs;

o.  Whether Defendants' conduct was willful or reckless;

p.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

q.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; *and*

r.  Whether Plaintiff and putative class members are entitled to compensatory damages pursuant to the California Labor Code.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages

### Cal. Lab. C. §§ 1182.12, 1194, 1194.2, 1197 and 1197.1

### (Against all Defendants)

32.  Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

33.  As alleged herein, Plaintiff was not exempt from the requirements of Labor Code § 510, or the applicable Industrial Welfare Commission ("IWC") Wage Order.

34.  Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the

12

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

payment of a lesser wage than the minimum so fixed is unlawful.

35.    During the relevant time period, Defendants paid Plaintiff and putative class members less than minimum wages when they failed to pay proper compensation for all hours worked.  To the extent these hours do not qualify for the payment of overtime, Plaintiff was not being paid at least the lawful minimum wage for his work.

36.    Defendants' failure to pay Plaintiff and putative class members the required minimum wage violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff is entitled to recover the unpaid balance of his minimum wage compensation as well as interest, costs, and attorneys' fees.

37.    Pursuant to Labor Code § 1194.2, Plaintiff and putative class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

38.    Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest, and the cost of suit. California Labor Code § 1198 further provides that the employment of an employee for longer than those fixed by the IWC Wage Orders is unlawful.

<u>**SECOND CAUSE OF ACTION**</u>

**Failure to Pay Overtime Wages**

**Cal. Lab. C. §§ 510, 1194, 1198, Violation of IWC Wage Order**

**(Against all Defendants)**

39.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

40.    Labor Code § 1198 and the applicable IWC Wage Order Provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

41.    Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and putative class members

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

42.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of the week.

43.    Both Labor Code § 510 and the applicable IWC Wage Order provides that employment of more than six (6) days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

44.    At all relevant times, Plaintiff and putative class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

45.    During the relevant time period, for example, Defendants required Plaintiff and putative class members to work in excess forty (40) hours in a week without paying Plaintiff and putative class members overtime wages for their work.

46.    During the relevant time period, Defendants knowingly and willfully failed to pay Plaintiff and putative class members overtime wages for all overtime hours worked when Plaintiff and putative class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek.

47.    Defendants' failure to pay Plaintiff and putative class members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

48.    Pursuant to Labor Code § 1194, Plaintiff and putative class members are entitled to recover unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**Failure to Timely Pay Wages Upon Termination**

**Cal. Lab. C. §§201 – 203, Violation of IWC Wage Order**

**(Against all Defendants)**

49.  Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

50.  Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

51.  Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

52.  Defendants failed to immediately pay accrued wages and other compensation due to Plaintiff and putative class members, and failed to pay accrued wages, including overtime wages and other compensation due, at the time of Plaintiff's separation or termination.

53.  As a result, Plaintiff and putative class members are entitled to back wages, prejudgment interest, reasonable attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 203, 1194, 1197, and related statutes, the exact amounts of such damages will be proven at trial.

//

//

//

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CAUSE OF ACTION**

**Failure to Provide Meal Periods**

**Cal. Lab. C. §§ 226.7, 512,** *et seq.*

**(Against all Defendants)**

54.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

55.     California Labor Code §§ 512 and 226.7(a) prohibit an employer from requiring an employee to work more than five (5) hours per day without providing the employee with a meal period of not less than 30 minutes; and after ten (10) hours, without providing the employee with a second meal period of not less than 30 minutes.

56.     Defendants intentionally and consistently required Plaintiff and putative class members to work for extended periods of time, well over five hours, without providing the meal periods required by law, thus violating California Labor Code §§ 512 and 226.7.   Plaintiff and putative class members were required to maintain surveillance and patrol their property during their mandated meal and rest periods.

57.     Pursuant to Labor Code § 226.7, Plaintiff has sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount according to proof at trial, and is entitled to recover one (1) hour of premium pay for each day in which a lawful meal period was not provided.  Plaintiff is further entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5.  Plaintiff is further entitled to an award of reasonable attorneys' fees and costs relating to his claims for civil penalties due to Defendants' violation of the California Labor Code and the applicable IWC Wage Order.

**FIFTH CAUSE OF ACTION**

**Failure to Provide Rest Periods**

**Cal. Lab. C. §§ 226.7, 512,** *et seq.*

**(Against all Defendants)**

58.     Plaintiff alleges and incorporates herein by this reference each and every

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1   allegation set forth in all previous paragraphs of the Complaint.

2        59.    California Labor Code §§ 512 and 226.7(a) prohibit an employer from

3   requiring an employee to work more than four (4) hours per day without providing the

4   employee with a 10-minute rest period.

5        60.    Defendants intentionally and consistently required Plaintiff and putative

6   class members to work for extended periods of time, well over four (4) hours, without

7   providing the rest periods required by law, or without providing uninterrupted off-duty

8   rest periods, thus violating California Labor Code §§ 512 and 226.7.

9        61.    Pursuant to Labor Code § 226.7, Plaintiff and putative class members have

10  sustained economic damages, including, but not limited to, unpaid wages and lost

11  interest, in an amount according to proof at trial, and are entitled to recover one (1) hour

12  of premium pay for each day in which a lawful rest period was not provided.  Plaintiff

13  is further entitled to attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

14  Plaintiff is further entitled to an award of reasonable attorneys' fees and costs relating

15  to her claims for civil penalties due to Defendants' violation of the California Labor

16  Code and the applicable IWC Wage Order.

## SIXTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### Cal. Lab. C. §§ 226, *et seq*.

### (Against all Defendants)

21       62.    Plaintiff alleges and incorporates herein by this reference each and every

22  allegation set forth in all previous paragraphs of the Complaint.

23       63.    During Plaintiff's and putative class members' employment with

24  Defendants, Defendants intentionally and knowingly failed to provide Plaintiff with

25  timely and accurate wage and hour statements showing gross hours earned, total hours

26  worked, all deductions made, net wages earned, and all applicable hourly rates in effect

27  during each pay period and the corresponding number of hours worked at each hourly

28  rate.

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

64.     Defendants systemically failed to provide such wage statements with accurate information and engaged in a policy of under-reporting and failing to pay for all hours actually worked in violation of California Labor Code § 226 and related statutes.

65.     As a result of Defendants' violation of California Labor Code § 226 and related statutes, Plaintiff and putative class members have suffered injuries and damages, including, but not limited to: Plaintiff and putative class members were not paid for all hours worked; they were not paid overtime they were entitled to; they were not provided meal and rest breaks; they were not paid all wages due; and the absence of actual hours worked makes it difficult for Plaintiff and putative class members to collect overtime wages due.

66.     As a result of Defendants intentional failure to provide Plaintiff and putative class members with accurate and itemized wage statements, Plaintiff and putative class members are entitled to all available statutory penalties, costs, and attorneys' fees, including those provided in California Labor Code §226(e), as well as all other available remedies.

<u>**SEVENTH CAUSE OF ACTION**</u>

**Failure to Indemnify for Business Expenses**

**Cal. Lab. C. §§ 2802**

**(Against all Defendants)**

67.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

68.     California Labor Code § 2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

69.     During the course of Plaintiff's and putative class members' employment, Defendants failed to reimburse Plaintiff and putative class members for various

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

expenses that they incurred for work-related activities, including but not limited to personal cell phone use.

70.    As a result, Plaintiff and putative class members are entitled to civil penalties pursuant to California Labor Code §§ 203, 1194, 1197, 2802, 2804 and related statutes, the exact amounts of such damages will be proven at trial.

## EIGHTH CAUSE OF ACTION

### Unfair Competition

### Cal. Bus. & Prof. C. §17200, *et seq*.

### (Against all Defendants)

71.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

72.    California Business and Professions Code § 17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

73.    Wage and hour laws express fundamental public policies.  Providing employees with wages for all hours worked, rest breaks, and providing accurate itemized records are fundamental public policies of this State.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

74.    Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of California

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Business and Professions Code § 17200, *et seq.*, depriving Plaintiff and putative class members of rights, benefits, and privileges guaranteed to all employees in California.

75.    During the course of Plaintiff's and putative class members' employment, Defendants engaged in multiple violations of the California Labor Code by failing to pay wages due to Plaintiff and putative class members, failing to provide them with meal and rest periods and by failing to provide accurate and itemized statements of their wage and hours.

76.    Defendants' conduct, as alleged herein above, constitutes unfair competition in violation of §17200 *et seq.*, of the California Business and Professions Code.

77.    The acts of Defendants, as previously described above, were unfair, unlawful, and fraudulent as defined in California Business and Professions Code § 17200.  Such acts constitute an unfair business practice and unfair competition, thus violating California Business and Professions Code §17200, *et seq.*  As a result, Defendants obtained valuable property, money and services from Plaintiff and putative class members, including earned wages for all hours worked and have deprived Plaintiff and putative class members of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiff and putative class members, and to the benefit of Defendants so as to allow Defendants to unfairly compete against competitors who comply with the law.

78.    As a result of the foregoing conduct, Plaintiff is entitled to recover restitution damages in the form of payment of unlawfully withheld wages.  Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5, the substantial benefit doctrine.

//

//

//

//

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## NINTH CAUSE OF ACTION

### California Private Attorney's General Act, Labor Code § 2699, *et seq.*

### (Against all Defendants)

79.     Plaintiff refers to and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

80.     Under the Private Attorneys General Act of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Cal. Labor Code that provides for civil penalties. These penalties are in addition to any other relief available under the Cal. Labor Code.

81.     As set forth above, Defendants have committed numerous violations for which the Labor Code provides for penalties, including violations of Cal. Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 246, 510, 512, 515, 558, 1194, 1194.2, 1197.1, and 1198.

82.     Plaintiff and the other hourly-paid or non-exempt employees are "Aggrieved Employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

83.     On September 12, 2024, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

84.     Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's notice.   Accordingly, Plaintiff has exhausted administrative remedies as required by Cal. Labor Code § 2699.3.

85.     As a direct result of Defendants' conduct as described, Plaintiff is entitled to recover, on his own behalf and on behalf of others similarly situated, the maximum civil penalties permitted by the Private Attorneys General Act from Defendants for all

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 246, 510, 512, 515, 558, 1194, 1194.2, 1197.1, and 1198 as well as reasonable attorney's fees and costs.

86.    Defendants' conduct of violating the California Labor Code constitutes violations of the PAGA. Therefore, Plaintiff requests penalties against Defendant under the provisions of PAGA section 2699(f).

88.    The proper measure of damages and penalties under the PAGA is all Aggrieved Employees, whether a party to this action or not. Further, this claim needs no certification to proceed with class-wide recovery. See *Arias v. Superior Court* (2009) 46 Cal. 4th 969, 970-975.

89.    Further, as a direct and proximate result of the conduct of Defendants, as set forth above, Plaintiff and other aggrieved employees were forced to incur substantial attorney's fees and costs which are recoverable under California Labor Code Section 2699(g)(1).

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For such special, compensatory, actual and liquidated damages in amounts to be proven at the time of trial;

2.    For restitution damages in the form of unpaid wages, commissions and improperly calculated wages;

3.    For penalties pursuant to the Labor Code and applicable IWC Wage Order(s);

4.    For an award of reasonable attorneys' fees and costs on the applicable causes of action pursuant to California Labor Code §§ 226, 1194, 2699, and 2802, California Civil Code 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

5.    For costs of suit incurred;

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

6.      For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code § 2699;

7.      For pre- and post-judgment interest at the prevailing statutory rates; *and*

8.      For such other relief as the Court may deem proper.

DATED: February 28, 2025          **STARPOINT, LC**


By:   /s/ Zachary D. Greenberg, Esq.
      Aidin D. Ghavimi, Esq.
      Zachary D. Greenberg, Esq.
      *Attorneys for Plaintiff*
      *Raymond Villalovos, the putative class, and*
      *the aggrieved employees*


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

DATED: February 28, 2025          **STARPOINT, LC**


By:   /s/ Zachary D. Greenberg, Esq.
      Aidin D. Ghavimi, Esq.
      Zachary D. Greenberg, Esq.
      *Attorneys for Plaintiff*
      *Raymond Villalovos, the putative class, and*
      *the aggrieved employees*

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## PROOF OF SERVICE
*Raymond Villalovos v. Triple Canopy, Inc*
CASE NO.: 5:25-CV-00938

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 15233 Ventura Boulevard, Suite PH16, Sherman Oaks, CA 91403.

On **February 28, 2025**, I served the foregoing documents described as on the interested parties in this matter:

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**SEE SERVICE LIST**

(**XX**) **EMAIL/ELECTRONIC TRANSMISSION:**  Based on an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the person at the email addressed listed in the SERVICE LIST.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

(**XX**) **BY CM/ECF:** With the Clerk of the United States District Court of California using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States that the above is true and correct.

EXECUTED on **February 28, 2025**, in Sherman Oaks, California.

/s/ McKenzie Mitosinka
McKenzie Mitosinka

1

## SERVICE LIST

McGUIRE WOODS LLP                 *Attorneys for Defendant*,
Sabrina A. Beldner, Esq.          TRIPLE CANOPY, INC.
*sbeldner@mcguirewoods.com*
Andrew W. Russell, Esq.
*arussell@mcguirewoods.com*
David Szwarcsztejn, Esq.
*dszwarcsztejn@mcguirewoods.com*
1800 Century Park East, 8th Floor
5 Los Angeles, CA 90067-1501
T: (310) 315-8200
F: (310) 315-8210

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**